**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| Samuel Aaron Laurion and Heather Renee Laurion, | Case No. 24-20521 (JJT) |
| Debtors. | Re: ECF Nos. 32, 33, 34, 40, 42, 43, 45, 46, 47, 48, 50, 54, 56, 60 |

**MEMORANDUM OF DECISION AND
ORDER DENYING MOTIONS TO AVOID LIENS**

Before the Court are three Motions to Avoid Liens (Motions, ECF Nos. 32, 33, 34) filed by the Debtor, Samuel Aaron Laurion.[1] Objections were filed by Dutch Point Credit Union (ECF No. 40), PHH Mortgage Corp. (ECF No. 43), and CorePlus Federal Credit Union (ECF No. 54). The Debtor filed various responses to the Objections (ECF Nos. 42, 45, 46, 56, 60), along with three Motions for Summary Judgment (ECF Nos. 47, 48, 50). The Court held a hearing on the Motions on October 22, 2024, at which appeared the Debtor and counsel for Dutch Point and CorePlus.[2] For the following reasons, the Motions are denied.[3]

1. **Background**

Prior to this bankruptcy case, the Debtor admittedly granted consensual liens to Dutch Point, CorePlus, and PHH. With respect to Dutch Point, the Debtor

---

[1] All three Motions were filed by Samuel Laurion without Heather Laurion, and thus all references to the Debtor in this Memorandum are to Samuel Laurion alone.
[2] Counsel for PHH inexplicably did not appear at the October 22, 2024 hearing.
[3] Additionally, the Court denies the Motions for Summary Judgment, which are not only procedurally improper because these are contested matters and not adversary proceedings, but are also rendered moot by the Court's determination of the Motions to Avoid Liens.

borrowed money to purchase a 2014 Honda Odyssey. With respect to CorePlus, the Debtor borrowed money to purchase a 2016 Ram 1500. The Debtor granted the respective credit unions security interests in these vehicles. As for PHH, the Debtor borrowed money to purchase real property located at 8 White Oak Drive, Colchester, Connecticut,[4] and granted a mortgage for the same. On October 18, 2023, the Debtor quitclaimed 8 White Oak Drive to the Laurion Family GodTrust (Trust),[5] which was recorded the following day in the Colchester land records.[6] These facts are undisputed in the hearing record.

Also prior to this bankruptcy case, the Debtor, in both his individual capacity and as trustee of the Trust, filed a complaint against PHH and related parties in the United States District Court for the District of Connecticut (District Court Action).[7] In the District Court Action, the Debtor seeks rescission of the note and mortgage underlying his purchase of 8 White Oak Drive based upon the Truth in Lending Act (TILA) and Regulation Z. The Debtor immediately sought a preliminary injunction, which the District Court denied because the Debtor "ha[d] not established a sufficient likelihood of success." Particularly, the District Court noted that the Debtor's "mortgage is not eligible for rescission because . . . [the Debtor] entered into a purchase money mortgage."

---

[4] The Debtor refers to this property as Rural Route 8 White Oak Drive, Colchester, Connecticut Republic, [06415] Outside D.C. The two are the same thing.
[5] The Debtor sometimes refers to this as the Laurion Familia GodTrust. The Debtor is the trustee of the Trust.
[6] At the October 22, 2024 hearing, the Court took judicial notice of the Colchester land records.
[7] *See* Complaint, *Laurion v. PHH Mortgage Corp.*, Case No. 3:23-cv-01561-JAM, ECF No. 1 (D. Conn. Nov. 29, 2023). At the October 22, 2024 hearing, the Court took judicial notice of the District Court Action.

On June 5, 2024, the Debtor and Heather Laurion filed the instant bankruptcy case.[8] After the Chapter 7 Trustee filed a Report of No Distribution (ECF No. 27) on August 28, 2024, a discharge then entered on September 18, 2024 (ECF No. 31). The Order of Discharge stated, among other things, that "a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile."[9] Two days after the discharge, the Debtor filed the instant Motions.[10]

## 2. Jurisdiction

The United States District Court for the District of Connecticut has jurisdiction over the instant proceedings under 28 U.S.C. § 1334(b), and the Bankruptcy Court derives its authority to hear and determine this matter on reference from the District Court under 28 U.S.C. § 157(a) and (b)(1) and the General Order of Reference of the United States District Court for the District of Connecticut dated September 21, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), and (K).

---

[8] The filing of the bankruptcy petition has stayed further progress in the District Court Action.
[9] This admonition essentially distinguishes between discharged unsecured debt and debt secured by valid liens.
[10] The same day that the Motions were filed, the Clerk of the Court issued a deficiency notice regarding the Motions (ECF No. 35). The Debtor attempted to respond to the deficiency notice by filing a Notice of Motion (ECF No. 38). This notice is itself deficient, but the Court has chosen to set a hearing and proceed to the merits of the Motions. None of the affected creditors has objected to this process.

### 3. Discussion

Avoidance of liens impairing exemptions is governed by 11 U.S.C. § 522(f), which provides in pertinent part:

> (1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
> (A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5); or
> (B) a nonpossessory, nonpurchase-money security interest in any—
> (i) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;
> (ii) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or
> (iii) professionally prescribed health aids for the debtor or a dependent of the debtor.

With regards to this statute, the Supreme Court has stated:

> Congress enacted § 522(f) with the broad purpose of protecting the debtor's exempt property. Ordinarily, liens and other secured interests survive bankruptcy. In particular, it was well settled when § 522(f) was enacted that valid liens obtained before bankruptcy could be enforced on exempt property, including otherwise exempt homestead property. Congress generally preserved this principle when it comprehensively revised bankruptcy law with the Bankruptcy Reform Act of 1978. But Congress also revised the law to permit the debtor to avoid the fixing of some liens.

*Farrey v. Sanderfoot*, 500 U.S. 291, 297 (1991) (citations omitted). By its terms, and in accordance with Supreme Court precedent, § 522(f) does not apply to mortgages or other purchase-money security interests. *See Pomilio v. MERS (In re Pomilio)*, 425 B.R. 11, 17 (Bankr. E.D.N.Y. 2010); *In re Endlich*, 47 B.R. 802, 806–07 (Bankr. E.D.N.Y. 1985).

### 3.1 Dutch Point

The Court begins with Dutch Point's lien on the Honda Odyssey. The Debtor admitted at the October 22, 2024 hearing that the lien he granted to Dutch Point was consensual.[11] More to the point, however, the Debtor has not even claimed an exemption in the Honda Odyssey on Schedule C.[12] *See* 11 U.S.C. § 522(*l*) ("The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section."); Fed. R. Bankr. P. 4003(a) ("A debtor shall list the property claimed as exempt under § 522 of the Code on the schedule of assets required to be filed by Rule 1007."). Additionally, the Debtor provided no evidence of the value of the Honda Odyssey in the Motion. *See In re Bradley*, 369 B.R. 147, 152 (Bankr. S.D.N.Y. 2007) ("the debtor carries the burden to establish the value of his property as of the date of the bankruptcy filing"). In short, there is no basis to avoid the lien on the Honda Odyssey.[13]

### 3.2 CorePlus

With regards to CorePlus's lien in the Ram 1500, the two filed Motions state that CorePlus holds a lien that impairs his exemption. As with Dutch Point, the Debtor admitted that the lien on the Ram 1500 was given consensually. Similarly,

---

[11] The Debtor also stated at the hearing that he was "rescinding" his signature; however, that is not how commerce works. *See* Conn. Gen. Stat. §§ 42a-9-203 (describing how security interests attach to collateral and become enforceable) and 14-185 (describing how security interests in motor vehicles are perfected).

[12] Although the Debtor is free to amend Schedule C to claim exemptions, Fed. R. Bankr. P. 1009(a), he would still not be able to avoid the lien for the other reasons discussed.

[13] The Debtor also filed a Motion for Leave to Amend Response (ECF No. 45), in which he alleges violations of the automatic stay and discharge injunction. Neither of those issues is properly before the Court and neither is considered here. The Debtor is free to separately file an appropriate motion for contempt or adversary proceeding for damages to raise any bona fide grievances in this regard.

the Debtor claimed no exemption in the vehicle on Schedule C and provided no evidence of the value of the Ram 1500 in the Motion. There is no basis to avoid CorePlus's lien.

### 3.3   PHH

Finally, the Court addresses the mortgage PHH holds on 8 White Oak Drive. As with the security interests in the vehicles, the mortgage was granted consensually. No appraisal was provided demonstrating the value of the real property. No homestead exemption has been claimed on Schedule C. All of these are independent grounds to deny the Motion.

There are two other wrinkles with regards to the mortgage. First, the Debtor attempts to claim the Connecticut state exemption (which, along with Heather Laurion, would amount to $500,000). "The federal Bankruptcy Code gives a debtor the option to use his federal exemptions or his state exemptions, but he may not mix them." *John T. Mather Memorial Hosp. of Port Jefferson, Inc. v. Pearl*, 723 F.2d 193, 194 (2d Cir. 1983). The Debtor and Heather Laurion used the federal exemptions on Schedule C, so they cannot also use the Connecticut state homestead exemption.

Second, as noted above, the Debtor admittedly quitclaimed 8 White Oak Drive to the Trust. Neither the beneficiaries nor the trustees of a trust can claim the Connecticut homestead exemption. *See In re Estarellas*, 338 B.R. 538, 542–43 (Bankr. D. Conn. 2006). Indeed, the Connecticut state exemptions apply to the "property of any *natural* person[.]" Conn. Gen. Stat. § 52-352b (emphasis added). And "homestead" is defined as "*owner*-occupied real property, co-op or mobile

manufactured home[.]" Conn. Gen. Stat. § 52-352a(5) (emphasis added). If the Trust is the owner, 8 White Oak Drive is not owner-occupied.[14]

In sum, there is no valid basis to avoid PHH's lien under the facts presented with regard to this Motion.[15]

### 4. Conclusion

For the foregoing reasons, the Motions to Avoid Liens (ECF Nos. 32, 33, 34) are all DENIED. Additionally, the Motions for Summary Judgment are DENIED as procedurally improper and as moot (ECF Nos. 47, 48, 50) because the merits of these claims have been addressed.[16] For the absence of doubt, all of the Debtor's arguments concerning the Motions to Avoid Liens that have not been explicitly addressed have been considered and found to be either irrelevant or without merit.

IT IS SO ORDERED at Hartford, Connecticut this 29th day of October 2024.

James J. Tancredi
United States Bankruptcy Judge
District of Connecticut

---

[14] Moreover, according to the quitclaim deed from the Debtor to the Trust, Heather Laurion may have waived her right to any claim that 8 White Oak Drive is her homestead.

[15] The Debtor has argued here and in the District Court Action that PHH has violated TILA and Regulation Z and that he has revoked PHH's power of attorney. Because the Court rejects the Motion to Avoid Lien pertaining to PHH on several other grounds, the Court makes no finding with regards to TILA, Regulation Z, or any supposed revocation or the significance of the prior pending District Court Action.

[16] The Court also has no basis to default PHH for not appearing at the October 22, 2024 hearing because many of the relevant arguments were made in its responsive papers. Moreover, the homestead exemption is patently inapplicable, and according the Debtor the relief requested would be substantively insupportable, fundamentally unfair, and procedurally defective.