**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| In re: <br><br> Samuel Aaron Laurion and <br> Heather Renee Laurion, <br><br> Debtors. | Chapter 7 <br><br> Case No. 24-20521 (JJT) <br><br> Re: ECF Nos. 65, 67, 69, 85 |

**MEMORANDUM OF DECISION**
**GRANTING AMENDED MOTION FOR RELIEF FROM STAY**

Before the Court is the Amended Motion for Relief from Stay (Motion, ECF No. 67) filed by CorePlus Federal Credit Union. CorePlus seeks relief from the automatic stay under 11 U.S.C. § 362(d)(1) and (2) in order to repossess a 2016 Dodge Ram 1500 (Truck). The Debtor has responded (ECF No. 69), arguing that CorePlus violated the discharge injunction.[1] After hearings on January 2 and 15, 2025, the Court invited the parties to file briefs as to whether CorePlus needed stay relief, given that the Debtor had already received his discharge. CorePlus filed a supplemental brief answering that question. After a final hearing on January 23, 2025, the Court took the matter under advisement. For the following reasons, the Motion is granted.

1. Background

In 2023, the Debtor borrowed $13,661.43 from CorePlus in order to purchase the Truck. The Debtor granted a security interest to CorePlus, which is reflected on

---

[1] The Debtor also filed an adversary proceeding against CorePlus seeking damages and title to the Truck.

the Certificate of Title. The Debtor defaulted prepetition on the loan. On June 5, 2024, the Debtor and his spouse filed the instant bankruptcy case. Following minor administration of the Chapter 7 case as a no-asset case, the Debtors received a discharge on September 18, 2024 (ECF No. 31). Two days later, the Debtor filed a Motion to Avoid Lien against CorePlus (ECF No. 32), seeking avoidance of CorePlus's lien as impairing his exemption. The Court denied the Motion to Avoid Lien on October 29, 2024 (ECF No. 63), noting that the Debtor admitted that CorePlus's lien was consensual, and thus not legally subject to avoidance, and that the Debtor claimed no cognizable exemption in any regard.

As to value of the Truck, CorePlus proffered that the Kelley Blue Book value of the Truck is $10,400, whereas the debt is $12,183.97.[2] It is undisputed that the Debtor has made no payments on the Truck since the June 5, 2024 petition date.

2. Discussion

The filing of bankruptcy petition acts as a stay against "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). The Court asked the parties whether stay relief was necessary, given that the Debtor had received his discharge. *See* § 362(c)(2)(C) ("the stay of any other act under subsection (a) of this section continues until . . . if the case is a case under chapter 7 of this title concerning an individual . . . , the time a discharge is granted or denied"). CorePlus

---

[2] The Debtor indicated that the value of the Truck *may* be in excess of $13,000 under NADA values. Although different in this case, the Kelley Blue Book and NADA values are both consistently applied as valid valuation metrics. By whatever measure one uses, there is either no or negligible equity in the Truck, and legal fees and interest will assuredly capture any such residual value.

cited *In re Boodrow*, 126 F.3d 43 (2d Cir. 1997), as holding that stay relief was indeed necessary. The reason for such necessity is the prior subsection of § 362, which provides that "the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate[.]" § 362(c)(1). Although the Chapter 7 Trustee has indicated his intent to abandon all property of the estate, absent a Court order, such abandonment does not happen until the closing of the case. *See* § 554(c) and (d). Therefore, stay relief is necessary as to acts to repossess the Truck because the case has not yet closed.

Section 362(d) provides that a party in interest may seek stay relief for, among other things, "cause, including lack of adequate protection of an interest in property of such party in interest" and if "the debtor does not have an equity in such property; and such property is not necessary to an effective reorganization[.]" § 362(d)(1) and (2).

Here, § 362(d)(1) is easily met. The Debtor's refusal to pay for the Truck leaves CorePlus inadequately protected because whatever equity might have existed has effectively been whittled away with time or will be diminished by wear and tear and the transaction costs of litigation. Regarding § 362(d)(2), even with the disagreements on the Kelley Blue Book and NADA values, there is or will be no cognizable equity in the Truck and this case is not a reorganization.[3] Thus, stay

---

[3] The Debtor's alleged need and reliance on the Truck for work is of little moment where he can possibly refinance it, redeem it, make other payment arrangements, or seek to restructure the debt in a Chapter 13 case.

3

relief is warranted under subsections (d)(1) and (d)(2).[4] The Debtor's refusal to pay to maintain the Truck (or to demonstrate its maintenance and insurance),[5] despite his employment and alleged reliance on the Truck for transportation, constitutes good and sufficient cause under 11 U.S.C. § 362(d)(1) and (2) to grant stay relief and to justify a waiver of the 14-day stay of Rule 4001(a)(4) of the Federal Rules of Bankruptcy Procedure.

3. Conclusion

For the foregoing reasons, the Motion is GRANTED. A separate order consistent herewith will enter upon the docket.

IT IS SO ORDERED at Hartford, Connecticut this 14th day of March 2025.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut

---

[4] All issues pertaining to the alleged discharge injunction violations are addressed in the Court's disposition of the relevant adversary proceeding. They do not rise to a level sufficient to vitiate or diminish CorePlus's security interest in the Truck.

[5] The burden of proving adequate protection is on the Debtor. 11 U.S.C. § 362(g).